UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARGARET GEORGE; RACHEL GEORGE,
Individually and as Natural Guardian of Mark
George; AUTUMN A. LEAF; ANN Y. LEAF; VICKY
BENEDICT; HELEN BENEDICT; DAWN A. BERO;
SHAWNA A. BERO; THERESA BURNS; JULIUS J.
COOK; BETTY A. DAVID; IETSISTOHK WAROROKS,
also known as Iegee; BIANCA J. JACOBS; JEAN
JACOBS; THERESA JACOBS, Individually, and as
Natural Guardian of Feryn King; GORDON KING;
MARY JACOBS; KAHAWANION DAVID; KARONHIOTHA         7:05-CV-1482
SHARROW; KANIETEHEWI SHARROW; DAWN
LaFRANCE, Individually and as Natural Guardian of
Brettani LaFrance; BRENDA LaFRANCE; KERRY R.
MITCHELL; KORA MITCHELL; TINA MITCHELL,
Individually, and as Parent and Natural Guardian of
Chad Garrow; SARAH BENEDICT, Individually, and as
Parent and Natural Guardian of Kawehras Benedict;
JAZMINE BENEDICT; LUZ BENEDICT; ANNA THOMPSON;
DULSIE THOMPSON; ERIC THOMPSON; HARRY
THOMPSON; JUDITH L. THOMPSON; LORAN THOMPSON;
OREN L. THOMPSON; TINA THOMPSON, Individually, and
as Parent and Natural Guardian of Alexis Arquette;
ELIZABETH BENEDICT, Individually, and as Administratrix
of the Estate of Edwin Bruce Benedict; JOHN DOES and
JANE DOES, (Nos. "1 to unknown") on behalf of themselves
and all other persons similarly situated,

         Plaintiffs,
  vs

GENERAL MOTORS CORPORATION; and
ALCOA, INC.;
         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                   OF COUNSEL:

DREYER BOYAJIAN, LLP                           DONALD W. BOYAJIAN, ESQ.
Attorneys for Plaintiffs                       CHRISTOPHER A. AMATO, ESQ.
75 Columbia Street
Albany, New York 12210

| | |
|---|---|
| KIRKLAND & ELLIS<br>Attorneys for Defendant General Motors Corporation<br>200 East Randolph Drive<br>Chicago, IL 60601 | MARK S. LILLIE, ESQ. |
| LeBOEUF, LAMB, GREENE & MacRAE, LLP<br>Attorneys for Defendant Alcoa, Inc.<br>125 West 55th Street<br>New York, NY 10019 | DAVID G. HETZEL, ESQ. |
| LeBOEUF, LAMB, GREENE & MacRAE, LLP<br>Attorneys for Defendant Alcoa, Inc.<br>One Goodwin Square<br>225 Asylum Street<br>Hartford, CT 06103 | PAUL C. FREEMAN, ESQ. |

DAVID N. HURD
United States District Judge

## **MEMORANDUM DECISION and ORDER**

Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs oppose. Oral argument was heard on June 27, 2006, in Utica, New York.

Plaintiffs have alleged facts in their complaint which, if true,[1] are sufficient to avoid dismissal on the basis of the Statute of Limitations or on the other grounds set forth in the motions. The motions will be denied without prejudice.

The motions to dismiss the Navigation Law claim for personal injuries and the Medical Monitoring claim will also be denied without prejudice. It would be premature to rule at this time. The New York Court of Appeals has not ruled on the viability of a personal injury claim under the Navigation Law or a Medical Monitoring claim. Further developments may clarify the situation in order to make a prediction as to the highest court's ruling on the issues.

---

[1] For the purposes of a motion to dismiss, the facts alleged in the complaint are, of course, assumed to be true.

In fact there may even be a definitive ruling on one or both issues. Finally, there is no prejudice to the defendants in allowing these claims to proceed at the present time.

The plaintiffs allege that "This is a class action brought by individual Mohawk Indians to recover money damages for personal injuries they have sustained and are at risk of sustaining as a result of their exposure to polychlorinated biphenyls ("PCBs") disposed of by defendants." (See Compl. ¶ 1.)  A motion to certify the class pursuant to Fed. R. Civ. P. 23 has not been made.

However, in order to clarify the Statute of Limitations issues and the nature of any proposed class, the plaintiffs' attorneys are placed on notice that they must be prepared to furnish the following information as to each individual plaintiff and/or proposed class member:

1. Name and address;

2. Date of birth;

3. Approximate date of first exposure to PCBs disposed of by defendants;

4. Date first test revealed the presence of elevated PCBs in body;

5. Date of first medical treatment for the personal injuries claimed; and

6. Approximate date of the appearance of the first symptoms of the personal injuries claimed.

Any individual for whom the above information is not provided is at risk of being dismissed from the action and/or precluded from being a member of any proposed class.

Therefore, it is

ORDERED, that

1. The defendants' motions to dismiss are DENIED, without prejudice; and

2. The defendants shall file and serve answers to the complaint on or before July 14, 2006.

IT IS SO ORDERED.

                                              United States District Judge

Dated: July 5, 2006
       Utica, New York.