UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------

MARGARET GEORGE, *et al.*,

                          Plaintiffs,

v.                                              7:05-CV-1482
                                              (DNH/GHL)
GENERAL MOTORS CORPORATION and
ALCOA, INC.,

                          Defendants.
--------------------------------------------------------------

APPEARANCES:                                        OF COUNSEL:

DREYER BOYAJIAN LLP                    WILLIAM J. DREYER, ESQ.
Counsel for Plaintiffs                        DONALD W. BOYAJIAN, ESQ.
75 Columbia Street
Albany, New York 12210

THORN GERSHON TYMANN               ARTHUR H. THORN, ESQ.
   AND BONANNI, LLP
Counsel for Defendant General Motors Corp.
5 Wembley Court, New Karner Road
Albany, New York 12212-5054

KIRKLAND & ELLIS LLP
Counsel for Defendant General Motors Corp.    JOHN F. HAGAN, ESQ.
200 East Randolph Drive
Chicago, Illinois, 60601


TATRO  TEKOSKY  SADWICK LLP          RENÉ  P. TATRO, ESQ.
Counsel for Defendant Alcoa, Inc.
660 S. Figueroa Street, Suite 1450
Los Angeles, California 90017

WARD NORRIS HELLER & REIDY           THOMAS E. REIDY, ESQ.
Counsel for Defendant Alcoa, Inc.
300 State Street
Rochester, New York 14614

GEORGE H. LOWE, United States Magistrate Judge

**MEMORANDUM-DECISION AND ORDER**

In a letter to the Court dated June 18, 2007, Plaintiffs indicated that they "may seek certification on liability issues only." (Dkt. No. 131 at 2.) Plaintiffs maintain that "the complaint does not need to be amended in order to permit certification of particular issues." (Dkt. No. 164 at 3.) However, for the sake of a clear record, Plaintiffs propose to amend the complaint to specifically plead issue certification under Rule 24(c)(4) of the Federal Rules of Civil Procedure. (Dkt. No. 164 at 3.) Defendants object to the proposed amendment on the grounds that it is unduly prejudicial and futile. (Dkt. No. 165.) On September 26, 2007, the parties presented oral argument on the amendment issue at an interim pretrial conference. The Court took the matter under submission. For the reasons set forth below, the motion to amend is granted.

**I.     BACKGROUND**

The operative complaint alleges that Defendants released polychlorinated biphenyls ("PCBs") into groundwater, surface water, air, soil and sediments in the vicinity of the Akwesasne Territory, a Mohawk Indian reservation located on the St. Lawrence River. (Dkt. No. 102 at ¶¶ 1-3.) Plaintiffs allege that they were exposed to the PCBs by consuming contaminated fish from the St. Lawrence, Raquette and Grasse rivers. (Dkt. No. 102 at ¶ 5.)

The operative complaint alleges that the case is certifiable as a class action "under the provisions of FRCP 23(b)(1)(A) and/or (B), and/or (b)(2) and/or (b)(3)". (Dkt. No. 102 at ¶ 102.) Plaintiffs' proposed amendment would change that phrase to "under the provisions of FRCP 23(b)(1)(A) and/or (B), and/or (b)(2), (b)(3) and/or FRCP 23(c)(4)". (Dkt. No. 164 at 3.)

**II.     DISCUSSION**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3rd 1127, 1133 (2d Cir. 1993). Elaborating on this standard, the Supreme Court has explained:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should . . . be 'freely given.'

*Foman*, 371 U.S. at 182, *accord*, *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("[Leave to amend] should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.").

Here, Defendants argue that leave to amend should be denied because there is evidence of undue prejudice and futility.

Defendants argue that they will be unduly prejudiced because the proposed amendment will allow Plaintiffs "to seek unnecessary and onerous discovery of Defendants." (Dkt. No. 165 at 10.) "'(T)he trial court [is] required to take into account any prejudice' that might result to the party opposing the amendment." *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985). For example, in *Ansam Associates*, the Second Circuit held that permitting Plaintiff to allege a "new set of operative facts" would have been "especially prejudicial [to the defendant] given the fact that discovery had already been completed and [defendant] had already filed a motion for summary judgment." *Ansam Associates*, 760 F.2d at 446.

3

Here, discovery of Defendants has been relatively limited. Plaintiffs have not yet conducted any depositions. It simply is premature to conclude at this stage of the litigation that Plaintiffs "*somehow* view the concept of 'issue certification' ... as an *allegedly* viable way to ...justify excessive and unduly burdensome *new* discovery of Defendants." (Dkt. No. 165 at 2)(emphasis added). Defendants are concerned that the proposed amendment "would also greatly increase the scope of discovery that *you will see Plaintiffs request* of Defendants," and that it will give Plaintiffs' counsel "a *plausible argument* to seek everything under the sun." (Dkt. No. 174 at 10.) This is speculation. If it in fact occurs, the Court has no doubt whatsoever that Defendants will be quick to seek relief, and will point out the inadequacies of any "plausible" arguments by Plaintiffs' counsel.

Plaintiffs' discovery requests concern Defendants' plant operations, use of PCBs, knowledge of the danger of PCBs, and communications with the allegedly affected Mohawk tribes about the release of PCBs. (Dkt. No. 164, Attachment 1.) These requests would be equally relevant under the operative complaint and the proposed amended complaint. Contrary to Defendants' argument that the proposed amendment would expand the scope of the litigation from a medical monitoring case into something more complex (Dkt. No. 174 at 7:13-11:5), Plaintiffs' medical monitoring claim is only one of six causes of action in the operative complaint. (Dkt. No. 106.) Plaintiffs' counsel stated at oral argument that he would propound "(e)very bit of that discovery ... regardless of the proposed amendment." (Dkt. No. 174 at 5:5-10.) Indeed, Defendants acknowledge that the proposed amended complaint "is not driven by any new facts or evidence." (Dkt. No. 165 at 4.) Therefore, Defendants will not be unduly prejudiced by the proposed amendment.

Defendants also argue that the proposed amendment is futile. A court measures futility under the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Nettis v. Levitt*, 241 F.2d 186, 194 n.4 (2d Cir 2001); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). In considering such a motion to dismiss, the Court accepts as true the plaintiff's factual allegations and draws all reasonable inferences in favor of him. *Board of Educ. of Pawling Cent. Sch. Dist. v. Schultz*, 290 F.3d 476, 479 (2d Cir. 2002). "Dismissal is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). A defendant may base the dismissal on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" or (2) a challenge to the legal cognizability of the claim.[1]

---

[1] *See Swierkiewicz*, 534 U.S. at 514 ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") (citation omitted); *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2005 U.S. Dist. LEXIS 6686 (S.D.N.Y. Apr. 20, 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim.") (citation omitted); *Utility Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01 Civ. 4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion – one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

Defendants argue that the proposed amendment is futile because (1) issue certification is not appropriate in a complex mass tort action where individual issues predominate; and (2) issue certification would violate the Reexamination Clause of the Seventh Amendment. Defendants might be right in both respects - but they might not be as well. The problems noted by Defendants are raised prematurely. They are much better addressed upon the motion for certification. At the current stage of this litigation, Defendants have not shown that Plaintiffs' proposed amendment is futile.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' motion for leave to amend the complaint is **GRANTED**. Plaintiffs are directed to file their second amended complaint, amending Paragraph 102 as proposed in Plaintiffs' September 20, 2007, letter brief (Dkt. No. 164 at 3) within ten days of the date of this order.

Dated: October 9, 2007
      Syracuse, New York

_George H. Lowe_
George H. Lowe
United States Magistrate Judge