UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

MARGERET GEORGE, et. al.,

        Plaintiffs,

vs.

GENERAL MOTORS CORPORATION and
ALCOA INC.

        Defendants.

-------------------------------------------------------X

ORDER

Case No. 05-CV-1482
(DNH/GHL)



U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUL 02 2008

LAWRENCE K. BAERMAN, Clerk
UTICA

      Upon consideration of Plaintiffs' motion to establish a Qualified Settlement Fund and to appoint a Fund Administrator ("the Motion"), the court is of the opinion that said Motion should be and is hereby granted.

      **IT IS HEREBY ORDERED** and this Court does hereby establish a Qualified Settlement Fund as described in §468B of the Internal Revenue Code (26 U.S.C. § 468B) and the Treasury Regulations thereto, as amended, which shall be called the **George Qualified Settlement Fund** ("the Fund") to resolve, satisfy and settle all claims against Defendants, as described in the attached Settlement Agreement. This Order is not intended to, and shall not have the effect of, varying, amending or otherwise modifying the terms and conditions of the Confidential Settlement Agreement Dated May 9, 2008 ("the Settlement Agreement").

      It is further ordered that the Settlement Funds shall be held and invested in interest-bearing deposit account(s) in paper or money markets issued by the US Government or its Agencies which are rated AAA. Thereafter, the Settlement Funds are to be held, managed, invested an reinvested, as directed by the Fund Administrator appointed by the Court, in all legal

investments under the laws of the State of New York with the limitation that said investments must be placed in US Government or Agency paper or money markets rated AAA unless otherwise ordered by the Court in a manner to preserve the accrued income and principal of the Fund.

The Defendants are further ordered to comply with all reporting requirements imposed under Treasury Regulation §1.468B-3(e). The Fund Administrator shall be responsible for discharging the tax-filing and payment obligations of the Fund under Treasury Regulation §1.468B-2 and under applicable requirements of state law.

The Court finds that the Settlement Funds agreed to be paid by Defendants have been held by Defendants in such fashion that no person claiming or making claims against Defendants has or had any right, title or interest in said amount, no such person being in actual or constructive receipt of said amount in whole or part. The Court further finds that the Settlement Funds have been held for the purpose of funding the Fund's Accounts to enable the Fund to meet payment obligations created under the Settlement Agreement, and which resulted from at least one alleged tort or alleged violation of law. The Settlement Funds, together with the earnings thereon, shall be held as a trust fund for the payment of claims in accordance with the terms of the Settlement Agreement.

This Court further orders and authorizes that Karen Meyers MBA/JD ME.d CPCU, CLU, FLMI, CSSC, an experienced fund administrator, is hereby appointed as the Fund Administrator, who shall be and she shall have the authority and discretion: (a) to administer and oversee the Fund in accordance with the terms of the Settlement Agreement; (b) to utilize Bank of America to hold, manage, invest and reinvest the assets of the Fund at all times in a manner designed to preserve the accrued income and principal of the Fund for the purposes of the Fund as set forth in

the Motion and Settlement Agreement; (c) to allocate and make distributions of funds in accordance with the terms of the Settlement Agreement; (d) to allocate payments of interest earned on the Fund; (e) to prepare and cause to be filed all required returns, notices and taxes required of the Fund (including information reporting returns to claimants as may be required) and to make any and all required tax payments without further order of the Court; (f) to retain and compensate all necessary persons: (1) to assist in the notice, administration and distribution of the Fund; (2) to prepare and file all federal and state tax and make such other required filings and to pay any taxes due on such returns; or (3) to perform any other matter related to the Fund as the Settlement Administrator deems appropriate and necessary; (g) to distribute attorneys' fees and expenses from the Fund, which shall be paid upon the Final Settlement Date in accordance with the Settlement Agreement; (h) upon final distribution of all monies paid into the Fund, to take appropriate steps to wind-down the Fund and thereafter discharging the Fund Administrator from any further responsibility with respect to the Fund (i) to make, execute, acknowledge and deliver any and all documents of transfer and conveyance and any and all other instruments that may be necessary or appropriate to carry out the powers and responsibilities ordered by the Court; (j) any other acts the Fund Administrator deems proper to effectuate the purpose of the Fund and the Settlement Agreement.

Included in the Fund Administrator's authority and discretion is the ability, on behalf of the Fund, to make cash payments from the Fund to eligible Claimants and/or to make payments to Claimants in the form of a structured payment in accordance with the terms of the Settlement Agreement. The Fund Administrator shall make all payments called for in the Settlement Agreement to the Akwesasne Health Care Trust. In addition, the Fund Administrator shall make all statements and filing so that the Fund created under this Order will be treated as a Qualified

Settlement Fund as defined in § 468B of the Internal Revenue Code (26 U.S.C. in § 468B) and the Treasury Regulations thereto.

The Fund Administrator shall be entitled to reasonable compensation for his or her services and reimbursement for expenses associated with the administration of the Fund (including, but not limited to, compensation for services of all persons retained by the Fund Administrator as necessary: (1) to assist in the notice, administration and distribution of the Fund; (2) to prepare and file all returns, notices and taxes; or (3) to perform any other matter related to the Fund as the Settlement Administrator deems appropriate and necessary, and all such persons' associated expenses). Expenses are to be paid by the Fund. Prior to the Final Settlement Date as defined in the Settlemenet Agreement, the Fund Administrator's fees and expenses shall be paid from the interest earned on the Fund. Subsequent to the Final Settlement Date, fees and expenses shall continue to be paid form interest earned on the Fund, and if the interest is not adequate, then from the Fund's principal. Under no event shall Defendants be responsible for paying federal or state taxes on behalf of the Fund or any Claimants. In addition, both the Fund Administrator and the Fund are to be discharged from any and all liability associated with restitution payments made from the Fund to all Claimants. In this regard the Fund Administrator acts as an administrator of the Fund only and not personally.

This Court finds that any payments from the Fund to eligible Claimants are made on account of claims that arise out of an alleged tort or alleged violation of law. Upon the Final Settlement Date as provided in the Settlement Agreement, any alleged or actual civil liability of any Defendants which have made payments to the Fund, and with respect to any claims of Claimants (i.e., the Named Plaintiffs, Dismissed Plaintiffs and Potential Plaintiffs as defined in

4

the Settlement Agreement) against Defendants, shall be completely extinguished, in accordance with the Settlement Agreement and Releases provided by Claimants.

The Fund Administrator shall terminate the Fund within sixty (60) days after making all required filings and making final disbursement from the Fund pursuant to the Settlement Agreement and Order of this Court.

The Court hereby approves the foregoing arrangement as an appropriate mechanism in connection with the resolution and satisfaction of all claims by Claimants, including those brought against Defendants in this action and hereby declares that the Fund is a Qualified Settlement Fund as defined under § 468B of the Internal Revenue Code and the Treasury Regulations thereto, as amended.

The administration of the Fund may be amended by Order of the Court as circumstance requires.

The Court orders that the Motion and all future papers filed in connection with the administration of the Fund by the Fund Administrator or the parties, shall be filed and remain under seal of the Court.

The Court hereby retains jurisdiction over the Fund, the parties and all related matters.

IT IS SO ORDERED.

Dated: July 1, 2008.

Utica, N.Y.

_____
U.S.D.J.